Jasmina Richter/Bar No. 024180
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
Direct Phone: (602) 532-5779
Direct Fax: (602) 230-5035
jasmina.richter@sandersparks.com

*Attorneys for Plaintiff Developers Surety and Indemnity Company*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Developers Surety and Indemnity Company,<br><br>Plaintiff,<br><br>v.<br><br>2 Hawks Designs LLC, an Arizona Limited Liability Company; Two Hawks Investments 3, LLC, an Arizona Limited Liability Company; Melissa Ahearn Lange and Eric Kevin Lange, individually and as parents and legal guardians of E.K.L., E.K.L. and A.G.L., minor children,<br><br>Defendants. | Case No.: [Case ID]<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |

Plaintiff Developers Surety and Indemnity Company ("DSI") by and for its Complaint, hereby alleges as follows.

## NATURE OF THE ACTION

1. This is a civil action for declaratory relief through which DSI seeks a declaratory judgment, under 28 U.S.C. § 2201 *et seq.*, that the commercial general liability policy issued by DSI to 2 Hawks Designs LLC dba Two Hawks Design & Development ("2 Hawks") provides no coverage for the claims and damages sought in an action currently pending in the Superior Court of Arizona for Maricopa County entitled *Lange v. 2 Hawks Designs, LLC*, Case No. CV2022-007580 ("the Underlying Action") brought by Kevin

Lange, individually and on behalf of his minor children E.K.L, E.K.L, and A.G.L. (collectively "the Langes"). Further, DSI seeks a declaratory judgment that the policy does not provide coverage for any claims by Melissa Lange.

2. Through this action, DSI seeks a determination from this Court that DSI has no indemnity or defense obligations towards 2 Hawks, or any other claimed insured including, but not limited to, Two Hawks Investments 3, LLC ("Two Hawks") or any other person or entity, who may assert claims against such insureds or claimed insureds, for any claimed damages stemming from the Underlying Action.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff DSI is a California corporation with its principal place of business in the State of California, and is therefore a citizen of California as defined by 28 U.S.C. § 1332 (c)(1).

4. Defendant 2 Hawks is an Arizona limited liability company with its principal place of business in Arizona. The members of 2 Hawks are as follows: Arash Hoss, Jose Parra, Hoss Enterprises LLC, LLH Assets, LLC. The sole member of Hoss Enterprises, LLC is Arash Hoss. The sole member of LLH Assets LLC is Larissa Hoss. Upon information and belief, Arash Hoss, Jose Parra, and Larissa Hoss are residents and citizens of Arizona. Therefore, 2 Hawks is a citizen of Arizona as defined by 28 U.S.C. § 1332.

5. Defendant Two Hawks is an Arizona limited liability company with its principal place of business in Arizona. The members of Two Hawks Investments 3, LLC are Arash Hoss (Manager), Gergana Slavova, Jason Daniels, LLH Assets, LLC, and Hoss Enterprises, LLC. The sole member of LLH Assets, LLC is Larissa Hoss. The sole member of Hoss Enterprises, LLC is Arash Hoss. Upon information and belief, Gergana Slavova, Jason Daniels, Larissa Hoss and Arash Hoss are residents and citizens of Arizona. Therefore, Two Hawks Investments 3, LLC is a citizen of Arizona as defined by 28 U.S.C. § 1332.

6. Defendant Eric Kevin Lange and his children E.K.L., E.K.L, and A.G.L., are individuals who reside in Arizona and are citizens of Arizona.

7. Defendant Melissa Ahern Lange is an individual who resides in Arizona and is a citizen of Arizona.

8. DSI is informed and believes that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states. Notably, in the Underlying Action, the Langes certified the case as a Tier 3 claim, which is typically reserved for cases where the amount in controversy is over $300,000 (Compl. ¶ 13.); *see also* Ariz. R. Civ. P. 26.2(c)(3)(C). Thus, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the Defendants reside in this District and the events giving rise to this action occurred in this District.

10. An actual case or controversy has arisen between the parties because the Langes have filed claims in the Underlying Action for damages against 2 Hawks and Two Hawks. Further, although Mrs. Lange is not a party to the Underlying Action, she along with the Langes has made a written demand and a claim against 2 Hawks and Two Hawks prior to the Underling Action being filed. 2 Hawks and Two Hawks have tendered the defense and indemnity of the demand and the Underlying Action to DSI. DSI has accepted the defense of 2 Hawks and Two Hawks subject to a reservation of rights. As such, an actual controversy exists that requires a judicial declaration to determine the respective rights and obligations of the parties.

## **UNDERLYING LAWSUIT**

11. On June 14, 2022, the Langes filed a Complaint in the Underlying Action. A copy of the Langes' Complaint is attached as Exhibit "1".

12. In the Underlying Action, the Langes allege that Defendants were negligent in the design, construction, supervision of work, and repair of a steam shower in the

Lange's residence located at 5848 E. Calle Tuberia in Phoenix, Arizona (the "Residence").

13. The Langes allege that on February 24, 2018, they entered into a Residential Resale Real Estate Purchase Contract ("Contract") with Two Hawks for the purchase of the Residence to be built by 2 Hawks.

14. Because the Residence was under construction as of February 24, 2018, the Contract included terms relating to the completion of construction and of "punch list items" prior to the close of escrow.

15. On or about October 5, 2018, the Contract was amended to require Two Hawks to complete the punch list items by October 10, 2018, which it allegedly did not do.

16. Several months after the close of escrow, Mr. Lange allegedly noticed issues with the master stem shower including erosion of the caulking, a gap in the front of the shower bench and pooling of water.

17. The Langes allege that Mr. Lange repeatedly raised the issue of the condition of the master shower and his concern that mold may develop, but that 2 Hawks failed to properly repair the issue or test the shower for mold.

18. In June of 2021, Mr. Lange hired a professional to inspect the shower and multiple types of mold were allegedly discovered.

19. The Langes asserted the following causes of action: (1) negligence against 2 Hawks; (2) gross negligence against 2 Hawks; (3) breach of the implied warranty of habitability and workmanlike performance against 2 Hawks and Two Hawks.

20. Through the Underlying Action, the Langes seek compensatory damages and punitive damages, pre- and post-judgement interest and reasonable attorneys' fees. The Langes claimed damages include loss of use of the Residence, medical bills for the treatment and care of the Lange children, and pain and suffering.

21. In a written demand prior to the Underlying Action, the Langes and Mrs. Lange alleged facts, legal theories and damages substantially similar to those set forth in the Underlying Action.

## THE DSI POLICY

22. DSI issued a commercial general liability policy to the named insured 2 Hawks, policy number BIS00029744-01, effective from January 25, 2018 to October 24, 2018 ("Policy").

23. The Named Insured under the Policy is 2 Hawks Design LLC dba Two Hawks Design & Development.

24. Under Section II, Who is an Insured, the Policy provides "a limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers."

25. Two Hawks Investments 3 LLC is not a Named Insured and does not qualify as an insured manager or member of the Named Insured.

26. The Policy provides in the insuring agreement, in relevant part, as follows:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

. . .

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period;

27. Under the insuring agreement, there is only coverage if "bodily injury" and "property damage" is caused by an "occurrence" and the "bodily injury" and "property damage" occurs during the policy period.

28. The Langes allege that the close of escrow on the Residence occurred after October 10, 2018 and that Mr. Lange noticed issues with the steam shower several months after close of escrow such that no "bodily injury" or "property damage" occurred before the Policy expired on October 24, 2018.

29. The Policy includes form ID 00 06 01 14, Additional Conditions Endorsement, which provides in relevant part:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY POLICY
>
> The following conditions precedent to coverage are added to and form part of the policy:
>
> 1. You must be named an additional insured on the commercial general liability policy of each contractor and subcontractor that performs work on your behalf throughout the time of each such contractor's and subcontractor's performance, and each such policy must provide defense as well as indemnity to you as an additional insured.
>
> 2. You must obtain a certificate of insurance from each contractor and subcontractor that performs work on your behalf prior to the commencement of each such contractor's and subcontractor's work indicating that each such contractor and subcontractor has a commercial general liability policy in effect.
>
> 3. Both the policy within which you are named as an additional insured and the certificate of insurance you obtain must have each occurrence, general aggregate, and products completed operations aggregate limits, including sub limits, in an amount equal to or greater than this policy.
>
> 4. You must obtain a hold harmless agreement from each of your contractors and subcontractors, indemnifying you against all loss in any way related to work performed on your behalf by each such contractor and subcontractor.

30. The conditions precedent to coverage set forth in the Additional Conditions Endorsement were not met by 2 Hawks such that the duty to defend or indemnify the Underlying Action or the prior demand was never triggered.

31. The Policy includes endorsement CG 21 67 12 04, Fungi or Bacteria Exclusion, which provides, in relevant part:

> **A.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> **Fungi Or Bacteria**
>
> **a.** "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, expo-sure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
>
> **b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.
>
> This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.
>
> . . .
>
> **C.** The following definition is added to the **Definitions** Section:
>
> "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

32. The Underlying Action and prior demand allege "bodily injury" and "property damage" caused by mold. As set forth in the fungi or bacteria exclusion, there is no coverage for any damage which would not have occurred, in whole or in part, but for the actual or alleged exposure or existence of any "fungi" which is defined to mean mold.

33. The Policy also includes the following exclusions which limit and/or bar coverage:

**2. Exclusions**

This insurance does not apply to:

. . .

**j. Damage To Property**

"Property damage" to:

. . .

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

. . .

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product":

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

34. The Policy contains Endorsement CG 22 33 04 13 which amends the Policy to add the following exclusion:

> This insurance does not apply to "bodily injury", "property damage"… arising out of:
>
> 1. An error, omission, defect or deficiency in:
>
>    a. Any test performed; or
>    b. An evaluation, a consultation or advice given;
>
>    by or on behalf of any insured;
>
> 2. The reporting of or reliance upon any such test, evaluation, consultation or advice; or
>
> 3. An error, omission, defect or deficiency in experimental data or the insured's interpretation of that data.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage"…involved that which is described in Paragraph 1., 2., or 3.

35. The Policy contains endorsement ID 00 28 08 09, Exclusion Non-Compliance with Building Codes, which provides in relevant part:

> This insurance does not apply to:
>
> "Bodily injury," "property damage" or "personal and advertising injury" arising out of, caused by, or attributable to, whether in whole or in part, the design, construction, fabrication, maintenance or repair, including remodeling, of any structure in a manner not in compliance with the controlling building code. This exclusion applies notwithstanding any ecological or resource-efficient benefits that might result from such design, construction, fabrication, maintenance or repair.

36. The Policy contains endorsement ID 00 25 06 15, which adds an exclusion for punitive damages which provides, in relevant part, as follows:

> This insurance does not apply to:
>
> 1. Punitive or Exemplary Damage
>
> If a "suit" is brought against the insured for damages covered by this policy, seeking both compensatory and punitive or exemplary damages, we will afford a defense to

> such action. We will not have any obligation to pay punitive or exemplary damages, or any interest or costs attributable to such damages. This exclusion does not apply in any state where such endorsement is expressly prohibited by state law or insurance department regulations.

37. The Policy contains endorsement ID 00 33 08 09, Exclusion of Construction Management and Consulting, which provides in relevant part as follows:

> This insurance does not apply to "bodily injury" or "property damage" arising out of or resulting from any insured acting as or in the capacity of a "construction manager" or "construction consultant".
>
> For purposes of this exclusion, "construction manager" or "construction consultant" means any person or entity undertaking to manage, consult on, advise on, or control construction planning, activities or work except as a "general contractor".
>
> For purposes of this endorsement, "general contractor" means a contractor, not affiliated with the owner, having a written contract with the owner, and is required in return for monetary compensation by the owner: to supply all labor and material to complete one or more projects using its own employees, material suppliers or subcontractors; to pay for all labor, subcontractors and materials from the general contractor's own funds in the ordinary course of its business in pursuit of profit; to invoice the owner to cover payouts to employees, subcontractors and suppliers as each project progresses; and to have direct written contracts or purchase orders with its subcontractors and suppliers.

38. The Policy contains endorsement ID 00 09 07 07, Multiple Causes of Loss, which provides in relevant part as follows:

> The following exclusion is added to paragraph 2., Exclusion of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (SECTION 1 – COVERAGES), AND PARAGRAPH 2., Exclusions of COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY (SECTION 1 – COVERAGES).
>
> Whenever this policy or any endorsement to the policy excludes a cause of injury or damage, we do not cover such injury or damage whether the excluded cause operated directly or indirectly, or whether any other cause or event contributed concurrently or in any sequence to the injury or damage.

39. The Policy contains endorsement 10 00 13 08 08 Sublimit for Water Damage in the Products Completed Operations Hazard, which provides in relevant part as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

The following is added to Section III, Limits of Insurance:

8. Even if not so shown in the Limits of Insurance in the Declarations, the most we will pay for "bodily injury", "property damage" or "personal and advertising injury" that is within the "products-completed operations hazard" and that arises out of, or is made up of, caused by, or aggravated by "water" is $25,000 per occurrence $25,000 aggregate. This limitation applies regardless of whether any cause other than "water", or any event, material or product contributed concurrently, directly or indirectly, to any extent, in any sequence to the "property damage".

a. "Water" means water in any form, whether solid, liquid or gaseous, or a combination of the foregoing, but does not include water leaking from appliances, equipment or pipes.

b. This sublimit shall not serve to provide cover where no other cover is provided.

40. Under Section V, Definitions, the Policy contains the following definitions:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contractor or agreement.

. . .

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

**16.** "Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

. . .

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

**21.** "Your product":

**a.** Means:

**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)** You;

**(b)** Others trading under your name; or

**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**(2)** The providing of or failure to provide warnings or instructions.

**c.** Does not include vending machines or other property rented to or located for the use of others but no sold.

**22.** "Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)** The providing of or failure to provide warnings or instructions.

41. In addition to the Policy terms described herein, there may also be no coverage for the Underlying Action and prior demand based on other terms, conditions, endorsements, definitions, and/or exclusions, which DSI hereby reserves and does not waive.

**FIRST CAUSE OF ACTION**

(Declaratory Relief – Against All Defendants)

42. DSI re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

43. DSI contends that Two Hawks Investments 3 LLC is not a Named Insured and does not otherwise qualify as an insured under the Policy.

44. DSI contends that its obligations under the Policy were not triggered by the Underlying Action or the prior demand as the pre-conditions to coverage, set forth in the Additional Conditions Endorsement, were not met by 2 Hawks.

45. DSI contends that the Policy applies to "bodily injury" and "property damage" only if they are caused by an "occurrence" and the "bodily injury" or "property damage" occurs during the policy period. Here, no "bodily injury" or "property damage" occurred before the Policy was cancelled on October 24, 2018.

46. As set forth in the Fungi or Bacteria Exclusion, there is no coverage for any damage which would not have occurred, in whole or in part, but for the actual, alleged or threatened exposure or existence of mold or fungi.

47. DSI contends that the allegations in the Underlying Action of defective workmanship standing alone do not constitute an "occurrence" and repair of the alleged defective workmanship or product do not constitute "property damage."

48. DSI contends that the "damage to property" exclusion, "your work" exclusion, "your product" exclusion, "impaired property" exclusion, "recall of products, work or impaired property" exclusion, punitive damage exclusion, non-compliance with building codes exclusion, exclusion for construction management and consulting, multiple causes of loss, and sublimit for water damage apply to limit or exclude coverage for some or all of the damages claimed in the Underlying Action and prior demand.

49. DSI contends that under the testing or consulting errors exclusion, the Policy does not provide coverage for any damages arising out of the Langes' reliance on any mold test or advice provided by 2 Hawks.

50. DSI reserves the right to raise other terms, limitations, endorsements, exclusions and provision of the DSI Policy that may apply.

51. DSI seeks a declaratory judgment, under 28 U.S.C. § 2201, that the allegations and/or claims for damages asserted in the Underlying Action and prior demand are not covered or potentially covered, are limited, and/or excluded by the foregoing provisions, exclusions, endorsements and terms and conditions of the Policy and therefore DSI does not have, and never had, any duty to defend and/or indemnify 2 Hawks and Two Hawks.

52. DSI is entitled to an award of its attorneys' fees pursuant to A.R.S. § 12-341.01 because this matter arises out of contract.

**WHEREFORE**, DSI respectfully requests the following affirmative relief and declaration that:

1. The Policy does not provide coverage or potential coverage to defend or indemnify 2 Hawks and Two Hawks for the allegations and/or claims arising out of the Underlying Action and the prior demand letter;

2. Coverage for the Underlying Action or prior demand letter was never triggered because the conditions precedent to coverage were not met;

3. Coverage for the Underlying Action and prior demand letter is excluded and/or limited by the terms, exclusions, endorsements, and provisions set forth above and any other provisions of the Policy that may apply;

4. DSI is entitled to its attorneys' fees, costs and recoverable interest in this action; and

5. DSI is entitled to such other and further relief as the court may deem just and proper.

**RESPECTFULLY SUBMITTED** this 9th day of August, 2022.

**SANDERS & PARKS, P.C.**

By s/ Jasmina Richter

Jasmina Richter
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
*Attorneys for Plaintiff Developers Surety and Indemnity Company*