**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Developers Surety and Indemnity Company, | No. CV-22-01338-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| 2Hawks Designs LLC, et al., | |
| Defendants. | |

Plaintiff Developers Surety and Indemnity ("DSI") Company seeks summary judgment regarding coverage. (Doc. 49). Before the Court can resolve that motion, there are two threshold issues that require additional briefing.

In its motion, DSI argues the insurance policy was effective from January 25, 2018, to October 24, 2018. (Doc. 49 at 2). The copy of the policy DSI filed with its motion shows the policy was set to expire on January 25, 2019, but the policy was canceled as of October 24, 2018. (Doc. 50-1 at 31). In opposing summary judgment, Defendants 2 Hawks Designs LLC and Two Hawks Investments 3, LLC, submitted a declaration from Stevie Kamp, the "Director of Operations for Two Hawks Designs and Development." (Doc. 52-2 at 1). Kamp's declaration states, in relevant part, the policy was set to expire on January 25, 2019, and "2 Hawks Designs LCC did not receive a refund of any premium related to an early cancellation of the Policy." (Doc. 52-2 at 2). In connection with its reply, DSI filed a copy of a cancellation request allegedly signed by Arash Hoss, the manager of 2 Hawks Designs, LLC. (Doc. 54-2 at 7). DSI also filed a copy of a check, payable to 2

1 Hawks Designs, allegedly refunding an amount equal to the amount "shown on the
2 endorsement canceling the Policy." (Doc. 53 at 7; 54-2 at 5).

3 Defendants will be required to file a statement regarding the effective dates of the
4 policy. Defendants must address the following four questions: 1) Did Arash Hoss sign and
5 submit a cancellation request?; 2) Did 2 Hawks Designs LLC receive and cash a check for
6 $2,884?; 3) If received, was the check a partial refund of the policy?; and 4) When did the
7 policy terminate? Defendants must submit evidence in support of these answers. In
8 addition, if Defendants concede DSI's documents are accurate, Defendants must explain
9 why the declaration from Stevie Kamp was filed. *See* Fed. R. Civ. P. 56(h) (noting
10 declarations submitted in bad faith may be sanctionable). Finally, if Defendants concede
11 DSI's documents are accurate, Defendants and their counsel must set forth the good faith
12 basis for stating "The Policy was effective to January 25, 2019." (Doc. 51 at 4). *See* Fed.
13 R. Civ. P. 11(b)(3) (requiring factual contentions have evidentiary support).

14 The second threshold issue that necessitates additional briefing is the completion
15 date of the steam shower. According to documents DSI filed in connection with its reply,
16 the paperwork from the shower subcontractor states "[f]inal payment shall be paid on day
17 we finish work." (Doc. 54-3 at 16). It appears final payment to that subcontractor was not
18 made until November 15, 2018. (Doc. 54-3 at 17). If that date is the completion date of
19 the steam shower, it is unlikely there is coverage for the relevant events. Therefore,
20 Defendants will be required to identify, with admissible evidence, the date the steam
21 shower was completed. If Defendants assert the steam shower was completed on a date
22 before November 15, 2018, they must explain why the final payment to the shower
23 subcontractor and the execution of the waiver and release are dated November 15 instead
24 of the earlier date of completion. (Doc. 54-3 at 20).

25 Accordingly,
26 …
27 …
28 …

**IT IS ORDERED** no later than **October 25, 2023**, Defendants shall file a statement, supported by evidence, addressing the issues set forth above. Plaintiff shall file a response no later than **November 1, 2023**. No reply is permitted.

Dated this 16th day of October, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge